## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between DRAKE STAFFING, LLC., including its predecessors and successors in interest, parents, subsidiaries, affiliated entities and/or persons, heirs and assigns, past, present or future officers, directors, employees, including GREGORY PRICE, partners, shareholders, agents, and legal representatives (collectively referred to as "RELEASEES").

WHEREAS, there exists a dispute between NETTLES and RELEASEES arising out of or generally relating to NETTLES' work assignment at DRAKE STAFFING LLC'S offices in Atlanta, Georgia, which resulted in the filing by NETTLES of a lawsuit in the United States District Court for the Northern District of Georgia, titled *KATRINA NETTLES v. DRAKE STAFFING LLC.*, Case No. 1:15-cv-03044 (the "Lawsuit");

WHEREAS, RELEASEES deny all of NETTLES' allegations and claims;

WHEREAS, NETTLES and RELEASEES wish to avoid further legal disputes and legal costs and expenses; and

WHEREAS, NETTLES and RELEASEES desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by RELEASEES, to effect a full, complete, final, and binding settlement and compromise of all claims that NETTLES may have against the RELEASEES from the beginning of time through the date of entry of this Agreement, with prejudice.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, NETTLES and RELEASEES agree as follows:

1. **RELEASEES Payment.** In exchange for the promises made by and in consideration for all the terms entered into by NETTLES in this Agreement, RELEASEES agree that within thirty (30) days after the Last Revocation Date (as that term is defined in Paragraph 12 of this Agreement), RELEASEES will send to NETTLES' attorneys, BARRETT & FARAHANY LLP., a lump sum amount of THIRTEEN THOUSAND DOLLARS and NO CENTS ($13,000.00) (the "Settlement Amount") in accordance with the schedule below. NETTLES acknowledges that NETTLES will not receive the payment described herein if NETTLES does not sign this Agreement within the twenty-one (21) day period described in Paragraph 11 below or if NETTLES signs this Agreement and then revokes it within the seven (7) day period described in Paragraph 12 below. NETTLES shall be entitled to no other payments under this Agreement. In terms of the payments to be made by the RELEASEES, they shall be paid as follows:

*(Continued)*

    a.    A check in the amount of $3,642.50 made payable to "KATRINA NETTLES," for alleged non-economic damages in the above captioned matter. In connection with this payment, DRAKE STAFFING LLC will issue an IRS Form 1099 in the regular course of business;

    b.    A check in the amount of $3,642.50 made payable to "KATRINA NETTLES," less all deductions as required by law, for alleged back pay damages in the above captioned matter. In connection with this payment, DRAKE STAFFING LLC will issue an IRS Form W-2 in the regular course of business;

    c.    A check in the gross amount of $5,715.00 made payable to "BARRETT & FARAHANY, LLP," NETTLES' counsel of record, as reimbursement of NETTLES' attorney's fees and costs. DRAKE STAFFING LLC will issue an IRS Form 1099 in connection with this payment in the regular course of business.

    2.    **Tax Consequences.** NETTLES and her counsel, BARRETT & FARAHANY LLP, hereby acknowledge and agree that they are solely responsible for all tax obligations, if any, including but not limited to all reporting and payment obligations, which may arise as a consequence of their respective settlement payments. NETTLES hereby agrees to indemnify and hold the RELEASEES harmless from any and all liability for taxes, interest, or penalties assessed by any taxing authority arising out of or because of the payment of the Settlement Amount including, but not limited to, FICA, federal, state, or local income tax, contributions for Medicare and social security taxes, and for any other tax or contribution of any sort. NETTLES further agrees to release and hold the RELEASEES harmless from and against any and all loss, cost, damage or expense, including without limitation, attorneys' fees incurred by the RELEASEES, arising out of any dispute over the treatment of the proceeds received by NETTLES as a result of this settlement. BARRETT & FARAHANY LLP hereby agrees to indemnify and hold the RELEASEES harmless from and against any and all loss, cost, damage or expense, including without limitation, attorneys' fees incurred by the RELEASEES, arising out of any dispute over the treatment of the proceeds received by BARRETT & FARAHANY LLP as a result of this settlement.

    3.    **Waiver and Release of All Claims.**

    (a)    In consideration of the payment referenced in Paragraph 1, NETTLES compromises, releases and settles any and all claims, whether based in tort, contract, public policy, statute, regulation or any other theory of recovery, either federal, state or local, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family Medical Leave Act, and the Civil Rights Act of 1991, which NETTLES has or had against RELEASEES arising out of, or in any way related to NETTLES' assignment/employment with DRAKE STAFFING LLC, and covenants not to sue on any such claim or cause of action. The scope of persons and/or entities, and causes of action, that NETTLES is releasing is to be interpreted as broadly as possible.

(b) The parties understand and agree that, by entering this Agreement, NETTLES does not waive any rights that cannot be waived by law, including rights to any vested benefits under the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*, the right to file a charge of discrimination with an administrative agency (such as the Equal Employment Opportunity Commission), or the right to participate in any agency investigation. NETTLES does, however, waive any right to recover money in connection with such a charge or investigation.

4. **Dismissal of lawsuit.** NETTLES and DRAKE STAFFING LLC agree to file a Motion for Settlement Approval seeking approval of the settlement of NETTLES' FLSA claim, and dismissal of the action with prejudice.

5. **Release of Unknown Claims.** For the purpose of implementing a full and complete release, NETTLES expressly acknowledges that the release she gives in this Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims.

6. **Covenant Not To Sue.** NETTLES agrees not to sue the RELEASEES in any forum for any claim covered by the waivers and releases in Paragraphs 3 and 5, excluding any claims asserting the non-waivable rights outlined in Paragraph 3(b).

7. **Non-Admission of Liability.** The parties expressly agree that no party to this Agreement admits any allegations made against the other in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands. Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

8. **No Rehire.** NETTLES hereby agrees that (a) she will not apply for or otherwise seek employment with DRAKE STAFFING LLC; and (b) the RELEASEES have no obligation to employ, hire, reinstate or otherwise engage NETTLES in the future. NETTLES further agrees and recognizes that if she applies for a position and/or is hired by any of the RELEASEES in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating her employment and there shall be no liability for taking such action.

9. **Advice of Attorney.** Each party warrants and represents that in executing this Agreement, such party has had the opportunity to have the terms of this Agreement and its consequences completely explained to such party by an attorney, and that each party fully understands the terms and consequences of this Agreement.

10. **Entire Agreement/Severability.** This Agreement sets forth the entire agreement between NETTLES and the RELEASEES regarding the parties' settlement, and supersedes any other written or oral understandings. NETTLES and the RELEASEES agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a

court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 3 and 5 is deemed to be illegal, invalid, or unenforceable in whole or in part, the RELEASEES' obligations under this Agreement shall be nullified.

**11. Consideration Period.** Each party represents and warrants that such party has been encouraged to seek advice from anyone of such party's choosing, including his or its attorney, accountant or tax advisor prior to his signing it; that this Agreement represents written notice that such party do so; that such party has been given the opportunity and sufficient time to seek such advice; that such party has obtained advice from an attorney about the terms of this Agreement; that such party has carefully read and fully understands all of the provisions of this Agreement; and that such party is voluntarily entering into this Agreement. **NETTLES understands that she may take up to twenty-one (21) days to consider whether or not she desires to enter into this Agreement.** Each party further represents and warrants that neither party was coerced, threatened or otherwise forced to sign this Agreement, and that each party's signature appearing hereinafter is genuine.

**12. Revocation Period.** NETTLES understands and acknowledges that she has seven (7) days after her acceptance and execution of this Agreement to revoke this Agreement. Should NETTLES choose to revoke her acceptance and execution of this Agreement within that seven (7) day period, she must submit such revocation in writing to Stuart & Johnston, LLC, 3343 Peachtree Rd. NE, Suite 530, Atlanta, Georgia 30326 prior to the expiration of the seven-day period. After such seven (7) day period, this Agreement will be irrevocable.

**13. No Additional Attorneys' Fees or Costs.** Other than the payment referenced in Paragraph 1 above, each side shall bear its own fees and costs incurred in connection with this matter.

**14. Counterpart Execution and Use of Photocopies.** This Agreement may be executed by signature of each of the parties hereto, or their authorized representatives, on multiple copies of this Agreement, including copies transmitted by facsimile machine or email, and upon being so executed by all parties hereto, shall be effective as if all signatures appeared on the original of this Agreement.

**15. Miscellaneous.** This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced, and governed under the laws of said state. The language of all parts of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

**16. Neutral Reference.** If any prospective employer of NETTLES contacts RELEASEES, RELEASEES shall give a neutral reference, only indicating NETTLES' dates of employment, and position(s) held.

I have read and understand this entire Agreement.

*(Signatures on following page)*

*[signature]*
KATRINA NETTLES

Date: 12-10-15

DRAKE STAFFING LLC

By: *[signature]* Greg Price

Its: C.E.O.